**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**CHAD SCHARF,**

      **Plaintiff,**                        **Case No. 3:23-cv-633-BJD-MCR**

**v.**

**BITWARDEN, INC.,**

      **Defendant.**

_____/

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND OTHER DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Bitwarden, Inc., by and through its undersigned counsel, hereby responds to Plaintiff, Chad Scharf's, Amended Complaint (Doc. 30), and in support states:

1. Defendant admits that it hired Plaintiff in 2020, and further admits that Defendant is a premier provider of open-source password management software. Defendant denies all remaining allegations in Paragraph 1 and any and all allegations other than those expressly admitted herein.

2. Defendant admits that Plaintiff previously worked for Defendant. Defendant denies all remaining allegations in Paragraph 2 and any and all allegations other than those expressly admitted herein.

3. Defendant denies the allegations in Paragraph 3.

4. Defendant is without sufficient knowledge as to the allegations in Paragraph 4 and, therefore, denies Paragraph 4 of the Complaint in its entirety.

5.      Defendant denies the allegations in Paragraph 5. Defendant reserves all rights, defenses, and arguments, including without limitation, motions to strike under Rule 12(f), and to seek relief under Rule 11 of the Federal Rules of Civil Procedure.[1]

6.      Defendant denies the allegations in Paragraph 6.

7.      Defendant denies the allegations in Paragraph 7.

8.      Defendant denies the allegations in Paragraph 8.

9.      Defendant denies the allegations in Paragraph 9.

10.     Paragraph 10 of the Complaint is comprised solely of legal conclusions to which no response is necessary. To the extent that a response is required, Defendant denies the entirety of Paragraph 10.

## JURISDICTION AND VENUE

11.     The allegations in Paragraph 11 comprise legal conclusions to which no response is necessary. To the extent that a response is required, however, Defendant denies the same.

12.     Defendant admits that this Court has original subject matter jurisdiction over this action, and that Plaintiff purports to assert claims arising under a federal statute, but denies that any violation of law or wrongdoing occurred, denies that it is liable to Plaintiff in any form, manner, capacity, or amount, as well as denies that Plaintiff is entitled to any form or amount of remedy or relief whatsoever.

---

[1]      Plaintiff has previously testified, under oath and penalty of perjury, that he voluntarily decided to put "Assigned by God" in his company Slack profile, and admits that "Assigned by God" was a statement.

13.     The allegations in Paragraph 13 comprise legal conclusions to which no response is necessary.

14.     The allegations in Paragraph 14 comprise legal conclusions to which no response is necessary.

15.     The allegations in Paragraph 15 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant admits that venue is proper in Duval County, Florida.

16.     The allegations in Paragraph 16 comprise legal conclusions to which no response is necessary. To the extent that a response is required, however, Defendant denies the same.

<strong><u>PARTIES</u></strong>

17.     Defendant admits that Plaintiff previously worked for Defendant. Defendant is without sufficient knowledge as to the remaining allegations contained in Paragraph 17, and, therefore, denies the same.

18.     Defendant admits the allegations in Paragraph 18.

19.     Defendant admits that Plaintiff worked remotely during his entire period of employment with Defendant. However, Defendant is without sufficient knowledge as to the remaining allegations in Paragraph 19, and, therefore, denies the same.

## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. §§ 2000E to 2000E-17 (as amended)

20.     The allegations in Paragraph 20 comprise legal conclusions to which no response is required.

21.     The allegations in Paragraph 21 comprise legal conclusions to which no response is required.

22.     The allegations in Paragraph 22 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same.

23.     The allegations in Paragraph 23 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same.

24.     The allegations in Paragraph 24 comprise legal conclusions to which no response is necessary. To the extent that a response is required, and without limitation, the case and regulation selectively quoted in Paragraph 24 speak for themselves, and such allegations are wholly immaterial and impertinent, as well as not compliant with the pleading requirements set forth in the Federal Rules of Civil Procedure. Accordingly, Paragraph 24 is denied.

25.     The allegations in Paragraph 25 comprise legal conclusions to which no response is required. To the extent that a response is required, and without limitation, the case selectively quoted in Paragraph 25 speaks for itself, and such allegations are wholly immaterial and impertinent, as well as not compliant with the pleading

requirements set forth in the Federal Rules of Civil Procedure. Accordingly, Paragraph 25 is denied.

26.    The allegations in Paragraph 26 comprise incorrect and inaccurate legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 26, and denies Paragraph 26 to the extent it attempts to directly or indirectly allege that Bitwarden scrutinized the sincerity, logic, or consistency of Plaintiff's purported religious beliefs.

## FACTS

**[Defendant denies the subheading preceding Paragraph 27]**

27.    Defendant denies the allegations in Paragraph 27 as characterized.

28.    Defendant denies the allegations in Paragraph 28.

29.    Defendant denies the allegations in Paragraph 29 as characterized.

30.    Defendant admits that Plaintiff was paid a base salary as compensation. No response is required as to Plaintiff's statement regarding Plaintiff's options agreement because that agreement is not within the jurisdiction of this Court and is exclusively subject to arbitration. However, to the extent that a response is required, Defendant denies that Plaintiff's options agreement was compensation, and further denies any and all allegations that are not expressly admitted herein.

**[Defendant denies the subheading preceding Paragraph 31]**

31.    Defendant denies the allegations in Paragraph 31.

32.    Defendant denies the allegations in Paragraph 32.

33.     Defendant is without sufficient knowledge as to the allegations in Paragraph 33, and, therefore, denies the same.

34.     Defendant denies the allegations in Paragraph 34.

35.     Defendant admits that Plaintiff added the phrase "Assigned by God" to his Slack profile in the designated field for pronouns, but denies, by the dictionary definition of the word and by Plaintiff's own admission under oath, that the phrase "Assigned by God" is a pronoun, and further denies all remaining allegations in Paragraph 35 that are not expressly admitted herein.

36.     Defendant denies the allegations in Paragraph 36 as characterized and/or phrased.

37.     Defendant denies the allegations in Paragraph 37.

38.     Defendant denies the allegations in Paragraph 38.

39.     Defendant denies the allegations in Paragraph 39.

40.     Defendant denies the allegations in Paragraph 40.

41.     Defendant denies the allegations in Paragraph 41 as characterized and/or phrased. Moreover, and notwithstanding, Defendant explicitly admits solely that Plaintiff was a member of Defendant's GRIT committee, and otherwise denies the entirety of Plaintiff's allegations in Paragraph 41.

42.     Defendant denies the allegations in Paragraph 42 as characterized, and as pled.

43.     Defendant denies the allegations in Paragraph 43 as characterized, and as pled.

44.    Defendant denies the allegations in Paragraph 44 as characterized, and as pled. Moreover, and notwithstanding, Defendant admits that Plaintiff wrote one or more emails/letters to Defendant's CEO, Mr. Michael Crandell, in which he discussed his purported concerns and opposition to certain socio- and/or political ideologies, referenced forced masturbation of children, acknowledged that he was unwilling (or incapable) of treating co-workers, subordinates, job applicants, and/or other persons equally regardless of Plaintiff's own subjective opinion as to, or what, he unilaterally perceived as being their sex at birth, and/or a person's conformity or non-conformity with Plaintiff's beliefs or opinions as to sex and/or gender stereotypes or characteristics, and in so doing, effectively resigned or abandoned his at-will employment; and did so despite Mr. Crandell expressing his and/or Bitwarden's desire to continue employing Plaintiff, respect for his purported religious belief, and Bitwarden's commitment to equal opportunity principles and compliance with applicable laws, rules, and regulations concerning employment.

**[Defendant denies the subheading preceding Paragraph 45]**

45.    Admitted in-part and denied in-part. Specifically, Defendant admits that more than one employee had complained, and otherwise expressed their concern that Plaintiff's admitted statement, "Assigned by God" was not inclusive, but rather confrontational, and may otherwise be received by others—including Plaintiff's own subordinates—as harassing against others based on their sex. Any and all remaining allegations in Paragraph 45 of the Complaint, direct and indirect, that are not explicitly admitted to herein are denied.

46.    Denied.

47.    Defendant denies the allegations in Paragraph 47 as characterized, and as pled, as well as because the communications between Mr. Crandell and Mr. Scharf speak for themselves.

**[Defendant denies the subheading preceding Paragraph 48]**

48.    Defendant denies the allegations in Paragraph 48.

49.    Defendant denies the allegations in Paragraph 49.

50.    Defendant denies the allegations in Paragraph 50.

51.    Defendant admits that Plaintiff is currently represented by counsel, Campbell Trohn Tamayo & Aranda, P.A., in this litigation. Defendant is without knowledge as to the remaining allegations in Paragraph 51, and, therefore, denies the same.

## COUNT I:
## [Alleged] Religious Discrimination (Disparate Treatment) in Violation of Title VII

52.    Defendant reincorporates and repleads its responses to Paragraphs 1–51 as if fully stated herein.

53.    The allegations in Paragraph 53 comprise legal conclusions to which no response is necessary. To the extent that a response is required, Defendant denies the same.

54.    Defendant denies the allegations in Paragraph 54.

55.    Defendant denies the allegations in Paragraph 55.

56.    Defendant denies the allegations in Paragraph 56.

57.    Defendant denies the allegations in Paragraph 57.

58.    Defendant denies the allegations in Paragraph 58.

59.    Defendant denies the allegations in Paragraph 59.

60.    Defendant denies the allegations in Paragraph 60, and further denies that it is liable to Plaintiff in any form, manner, capacity, or amount, and denies that Plaintiff is entitled to any form or amount of relief.

61.    Defendant denies the allegations in Paragraph 61.

## COUNT II:
### [Alleged] Retaliation in Violation of Title VII

62.    Defendant repleads and reincorporates its answers to Paragraphs 1–51 of the Complaint as if fully set forth herein.

63.    The allegations in Paragraph 63 comprise legal conclusions to which no response is required because 42 U.S.C. § 2000e-3(a) speaks for itself. To the extent that a response is required, however, Defendant denies the same, and further denies that any violation of law or wrongdoing occurred, or that the Defendant is liable to Plaintiff in any way, shape, or form.

64.    Defendant denies the allegations in Paragraph 64.

65.    Defendant denies the allegations in Paragraph 65.

66.    Defendant denies the allegations in Paragraph 66.

67.    Defendant denies the allegations in Paragraph 67.

68.    Defendant denies the allegations in Paragraph 68.

69.    Defendant denies the allegations in Paragraph 69, and further denies that any violation of law or wrongdoing occurred, or that the Defendant is liable to Plaintiff in any way, shape, or form.

70.    Defendant denies the allegations in Paragraph 70.

Defendant denies the entire "WHEREFORE" paragraph and the section titled "PRAYER FOR RELIEF," including subparagraphs a–c, immediately following Paragraph 70.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiff purports to request a trial by jury but denies that there are any issues to be tried by a jury.

## GENERAL DENIAL AND REQUEST FOR
## REASONABLE ATTORNEYS' FEES AND COSTS

Defendant denies each and every allegation of the Amended Complaint that is not specifically admitted, including all captions and headings, demands strict proof thereof, and requests that Plaintiff's Amended Complaint be dismissed in its entirety. Additionally, Defendant requests, and gives notice of its intent to seek, recovery of its reasonable attorneys' fees and costs incurred in connection with its defense of this action to the fullest extent permitted under applicable law, including without limitation, Federal Rule of Civil Procedure 11.

## AFFIRMATIVE DEFENSES, SPECIFIC DENIALS, AND OTHER DEFENSES

In asserting these defenses, Defendant does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof upon

Plaintiff. The factual basis for the following defenses is set forth in more detail in the foregoing responses to the allegations in Plaintiff's Amended Complaint, which are incorporated herein by reference.

## FIRST DEFENSE

Plaintiff's Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

All actions taken with respect to Plaintiff's employment were based on legitimate, non-discriminatory and/or non-retaliatory reasons, which are not pretextual, and are unrelated to any protected status or activity, if any.

## THIRD DEFENSE

All employment actions taken with respect to Plaintiff were based on, and because of completely legitimate, non-discriminatory and non-retaliatory reasons. Plaintiff was not discriminated against in any way, especially not because of his religion, and was not retaliated against in any way.

## FOURTH DEFENSE

Defendant took affirmative measures to provide a workplace free from unlawful discrimination and retaliation, and therefore, Plaintiff's claims for damages are barred in whole or in part.

## FIFTH DEFENSE

The claims and requests for relief are barred, in whole or in part, because the conduct alleged in the Amended Complaint is contrary to Defendants' good faith efforts to comply with the law, including Title VII of the Civil Rights Act of 1964.

## SIXTH DEFENSE

Plaintiff's claims for damages are barred or limited, in whole or in part, to the extent it is shown that Plaintiff engaged in misconduct prior to, during, or in connection with, Plaintiff's employment, that otherwise would have resulted in Plaintiff's separation from employment or Plaintiff's not being hired if such conduct were then known to Defendant.

## SEVENTH DEFENSE

To the extent that it is learned through discovery, Plaintiff's damages, if any, should be reduced by any benefits Plaintiff received from collateral resources or other off-sets or recoupments.

## EIGHTH DEFENSE

To the extent that it is learned through discovery, Plaintiff's claims for damages fail, in whole or in part, because Plaintiff failed to reasonably mitigate his damages, if any.

## NINTH DEFENSE

To the extent it is learned through discovery, Plaintiff's damages, if any, should be reduced to the extent Plaintiff received income from employment or other sources

subsequent to Plaintiff's employment with Defendant, or reasonably could have received through the proper mitigation efforts.

## **TENTH DEFENSE**

Plaintiff's claims fail and/or Plaintiff's recovery of damages is limited, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any alleged retaliatory or discriminatory behavior by instating strong, easily understandable, official policies prohibiting discrimination and retaliation, and/or Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities or to avoid harm otherwise.

## **ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust his administrative remedies and/or failed to satisfy conditions precedent to suit.

## **TWELFTH DEFENSE**

To the extent that it is learned through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and unclean hands.

## **THIRTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because he cannot establish that he suffered an adverse employment action under the relevant statutes.

## FOURTEENTH DEFENSE

Plaintiff's retaliation claims are barred, in whole or in part, because he cannot show that his alleged protected activity, if any, was the "but for" cause of any alleged adverse employment action by Defendant.

## FIFTEENTH DEFENSE

Plaintiff cannot establish a retaliation claim because the decisions regarding any adverse actions against Plaintiff, if any, were made prior to any alleged protected activity.

## SIXTEENTH DEFENSE

Plaintiff is not legally entitled to an award of pre-judgment interest.

## SEVENTEENTH DEFENSE

Plaintiff's retaliation claims are barred, in whole or in part, because Plaintiff is unable to establish that his alleged protected activity was the actual and proximate cause of any adverse employment action because his intervening acts of misconduct broke the causal chain.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff was an at-will employee.

## NINETEENTH DEFENSE

To the extent some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or are otherwise barred or preempted, Plaintiff is not entitled to recovery with respect to such claims.

## TWENTIETH DEFENSE

Plaintiff's claims based on discrimination are barred, in whole or in part, because Plaintiff is unable to prove that illegal discrimination was a "motivating factor" for any adverse employment action taken by Defendant regarding Plaintiff's employment.

## TWENTY-FIRST DEFENSE

Plaintiff's claims based on discrimination and retaliation are barred, in whole or in part, because Plaintiff is unable to prove that Defendant's legitimate business reasons for any action taken with respect to his employment was rooted in discriminatory or retaliatory pretext.

## TWENTY-SECOND DEFENSE

To the extent applicable, Plaintiff's claims for damages are subject to the limitations set forth in the Florida Civil Rights Act, Fla. Stat. § 760.10 *et seq.*

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to make a request to Defendant for a reasonable accommodation.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because, to the extent that Plaintiff's testimony has already been provided at the administrative level and to the extent learned through discovery in this action, his purported "religious beliefs" are not sincerely held, and instead masquerade as an excuse for prejudice and bigotry.

**TWENTY-FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that the record evidence from the Florida Division of Administrative Hearings' Final Hearing on Plaintiff's same claims, and the Florida Commission on Human Relations' Final Decision thereon, in this lawsuit directly contradicts and disproves the allegations in Plaintiff's Amended Complaint. *See* **Composite Exhibit A**.

**TWENTY-SIXTH DEFENSE**

With regard to all claims asserted in Plaintiff's Amended Complaint, Defendant has made good faith efforts to prevent discrimination and retaliation in the workplace and, thus, cannot be liable for the decisions of its agents, or for punitive damages, to the extent the challenged employment decisions were necessary to its efforts to comply with anti-discrimination and anti-retaliation statutes.

**TWENTY-SEVENTH DEFENSE**

To the extent that Plaintiff's Amended Complaint requests this Court to award damages in the form of stock options, this Court lacks jurisdiction to do so because, to the extent that Plaintiff is entitled to any such damages, Plaintiff and Defendant unequivocally agreed that any disputes arising out of or relating to his stock options would be subject to arbitration and, therefore, any determination in a judicial forum would be unlawful.

## <u>RESERVATION OF RIGHTS</u>

Defendant reserves the right to bring any additional defenses, including those that become known during the litigation of this matter.

**WHEREFORE**, Defendant respectfully requests the Court to: (a) Dismiss Plaintiff's Amended Complaint in its entirety, with prejudice; (b) Deny each and every demand, claim and prayer for relief contained in Plaintiff's Amended Complaint; (c) Enter final judgment in Defendant's favor on all claim(s) and issues; (d) award Defendant the reasonable attorneys' fees and costs it incurs in defending this action; and (e) Grant Defendant such other and further relief as the Court deems just and proper.

Dated this 21st day of March 2025.

Respectfully submitted,

JACKSON LEWIS P.C.
501 Riverside Avenue, Suite 902
Jacksonville, FL  32202
Telephone: (904) 638-2655
Facsimile: (904) 638-2656

By: */s/ Todd R. Dobry*
B. Tyler White
Florida Bar No. 038213
Tyler.White@jacksonlewis.com
Todd R. Dobry
Florida Bar No. 109081
Todd.Dobry@jacksonlewis.com
James D. McGuire
Florida Bar No. 1032198
James.McGuire@jacksonlewis.com
JacksonvilleDocketing@jacksonlewis.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of March 2025, a true and correct copy of the foregoing has been filed with the Court by using the CM/ECF system which will send a copy via e-mail to:

> Jennifer M.Vasquez, Esq.
> Cambell Trohn Tamayo & Aranda, P.A.
> Post Office Box 2369
> Lakeland, FL 33806-2369
> j.vasquez@cttalaw.com
> Counsel for Plaintiff

> */s/ Todd R. Dobry*
> Attorney